UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID P. BILICKI, JR.
o/b/o DeANNE P. CASTLE (dec.),

                      Plaintiff,    No. 1:15-cv-00113(MAT)
                                           **DECISION AND ORDER**
        -vs-

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security[1],

                      Defendant.

---

## I. Introduction

DeAnne P. Castle ("plaintiff"), represented by counsel, brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Social Security Insurance ("SSI") benefits. On September 8, 2017, the Court issued a Decision and Order reversing the Commissioner's decision and remanding the matter for calculation and payment of SSI benefits.

On December 11, 2017, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (Docket No. 30), seeking an award of attorney fees in the amount of $7,265.62 ($193.75 per hour for 37.5 hours). The Commissioner filed a

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

response arguing that the legal issues were routine and plaintiff's fee request was based on an excessive number of hours expended and therefore should be reduced. Plaintiff filed a reply contending that the fee request is appropriate and that this matter was not routine. For the reasons discussed below, Plaintiff's motion is granted in part and denied in part.

**II. The Equal Access to Justice Act**

The Equal Access to Justice Act ("EAJA") provides that courts may award attorney's fees incurred by a prevailing party in certain civil actions against the United States. *See* 28 U.S.C. § 2412(d)(1)(A). To qualify for an award of attorney's fees under the EAJA, a claimant must submit an application and itemized statement to the court within 30 days of final judgment in the action, demonstrating that (1) she is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) no "special circumstances make an award unjust." *Kerin v. United States Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 154 (1990)) (footnote omitted). The Supreme Court has cautioned that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

**III. Discussion**

**A.  Hourly Rate**

Plaintiff's counsel is requesting an hourly rate of $193.75 for attorney time based on an increase in the cost of living since the EAJA was enacted on March 29, 1996 to the time when legal services for this case were performed in 2016 and 2017.  As Plaintiff's counsel notes, the EAJA mentions a cost-of-living increase as a factor justifying a fee greater than the statutory rate of $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Consumer Price Index ("CPI"), as reported by the Bureau of Labor Statistics for the region in which this District is located, shows an increase in the cost of living from March 29, 1996 to November 2016. Applying this cost of living increase to the statutory rate of $125.00 per hour yields an hourly rate of $193.75.  The Commissioner does not contest the hourly rate, which the Court agrees is reasonable.

**B.  Reasonableness of Time Expended**

Under the EAJA, the Court must determine whether the hours expended by the prevailing party's attorneys are reasonable. *See, e.g., Morabito v. Comm'r of Soc. Sec.*, No. 5:13-CV-0462(DEP), 2014 WL 1341928, at *2 (N.D.N.Y. Apr. 3, 2014) ("When determining the appropriate amount to award under the EAJA in a case of this nature, the court retains broad discretion.") (citations omitted). "After reviewing the application, the court may in its discretion

reduce the award requested." *Destefano v. Astrue*, No. 05-CV-3534(NGG), 2008 WL 623197, at *2 (E.D.N.Y. Mar. 4, 2008) (citing 28 U.S.C. § 2412(d)(1)(C)).

The Commissioner argues that the amount requested (37.5 hours of attorney time) is excessive in light of the routine nature of this case. In particular, the Commissioner notes that the administrative transcript in this case was short (only 399 pages) and argues that the legal issues involved were unexceptional and that significant portions of Plaintiff's reply brief consisted of mere reiterations of the issues found in Plaintiff's memorandum of law. Further, the Commissioner notes that several of Counsel's timesheet entries include administrative and clerical tasks, which required no particular legal expertise. The Commissioner acknowledges that "[d]istrict courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases," *Barbour v. Colvin*, 993 F. Supp.2d 284, 290 (E.D.N.Y. 2014) (quotation and citations omitted), but argues that no exceptional issues were involved and that the experience of Plaintiff's counsel, the short transcript, and the administrative, clerical, redundant, and unnecessary tasks included in Plaintiff's fee request supports a reduction of fees rewarded.

Plaintiff argues that several factors weigh in favor of awarding the full 37.5 hours of attorney time. Plaintiff argues

that the legal issues in this case, specifically the argument at step five involving the VE testimony, were not routine. Plaintiff claims that an unusually large amount of case law research was performed to support Plaintiff's argument against the VE's testimony and the fruits of that research are apparent in the numerous cases cited for the first time in Plaintiff's reply brief. Further, Plaintiff argues that this case was complex and time spent for review of the 399 page transcript was reasonable. Finally, Plaintiff contends that tasks involving filing, documenting, and diarying deadlines were not clerical tasks, but tasks that must be attended to by an attorney and are rightfully included in the total number of hours.

Having carefully reviewed the record, the parties' arguments, and the requested fee, the Court finds that Plaintiff's request is not unreasonable. While the Commissioner is correct that the administrative transcript in this matter was notably shorter than is typical in such a case, the Court recognizes that the Plaintiff's death required additional attention and time. Under these circumstances, an award in the middle of the range typically awarded in routine social security cases is warranted.

However, the Court does find that Plaintiff's counsel has charged unreasonable amounts for certain tasks that are not substantive legal work, such as filing a notice of appearance and motion (0.1 hour), receiving text order transferring the case

(0.1 hour), and receiving and reviewing the Judgment closing the case (0.1 hour). Accordingly, the Court subtracts the .3 hour of clerical work noted above from the 37.5 hours of total attorney time requested, resulting in the adjusted total to 37.2 hours.

The Court also finds that Plaintiff's counsel has charged unreasonable amounts for routine review, research and drafting work, specifically review of the administrative record and paper file (1.0 hour), combined with the review of the ALJ decision, hearing, and administrative record (5.5 hours) and the time for case law research and preparing the reply brief (8.5 hours), totaling 15 hours. Accordingly, the Court reduces the substantive legal work noted above from 15 hours to 9 hours. The Court has reviewed the remaining time entries and finds they are generally reasonable, resulting in a final total of 31.2 hours of attorney time.

Plaintiff's counsel also requests fees for an additional 2.5 hours of attorney time for the preparation of the reply to the Commissioner's memorandum of law in connection with the EAJA motion. The Court finds that a fee award of 2.5 hours in connection with the drafting of the reply memorandum is reasonable. As a result, the Court awards Plaintiff's counsel fees for a total of 33.7 hours of attorney time at a rate of $193.75 per hour.

**IV. Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's motion for attorney's fees pursuant to the EAJA (Docket No. 30). The Court determines that the fee award to Plaintiff's counsel under the EAJA should be for 33.7 hours of attorney time at a rate of $193.75 per hour, for a total award of $6,529.38. The Commissioner is ordered to pay Plaintiff $6,529.38, subject to any outstanding Federal debts, and to mail the award to Plaintiff's attorney within 60 days of the date of entry of this Decision and Order.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/ Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: April 10, 2018
Rochester, New York